IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**JUL 19 2012**

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

JESUS TREVINO a/k/a ADALID
MONTIEL FIGUEROA                                                                PLAINTIFF

v.                                    Civil No. 12-5157

UNITED STATES MAGISTRATE
JUDGE ERIN L. SETSER; ATTORNEY
ROBERT L. BEARD, JR.; and
DEPUTY COREY COGGIN                                                  DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jesus Trevino, currently incarcerated in the Giles W. Dalby Correctional Facility in Post, Texas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The complaint and *in forma pauperis* (IFP) application are before me for pre-service screening under the provisions of the Prison Litigation Reform Act (PLRA).

### 1. Background

In his complaint, Trevino alleges Magistrate Setser, Robert L. Beard, Jr., and Deputy Corey Coggin are legally responsible for a conspiracy to deprive Trevino of his to due process. The alleged conspiracy occurred in connection with another civil rights case filed by Trevino in this district, *Trevino v. Benton County, Arkansas, et al.,* Civil No. 09-5143. Upon filing, the case was referred to Magistrate Setser, Robert L. Beard, represented the Defendants, and Deputy Coggin was a named Defendant.

On January 17, 2012, a telephonic evidentiary hearing was held on a pending summary judgment motion (Doc. 94) in Civil No. 09-5143. On May 3, 2012, a report and recommendation was entered (Doc. 104). It was recommended that Civil No. 09-5143 be dismissed.

Plaintiff has now filed the current action claiming that each of the named Defendants took various action to frustrate his prior case. He maintains the conspiracy deprived him of his due

process rights.

### 2. Discussion

As part of the PLRA, section1915, which governs proceedings filed *in forma pauperis*, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. 28 U.S.C. § 1915. Prior to the PLRA's amendments to § 1915, a prisoner who attained in forma pauperis status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee albeit in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges. *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

The three strikes rule applies to Trevino. He has at least three previous actions that qualify as strikes against him under section 1915(g). *See e.g., Trevino v. Hendren, et al.,* Civil No. 09-5036 (dismissed as frivolous on June 23, 2009); *Trevino v. Kenner, et al.*, Civil No. 09-5040 (dismissed as frivolous on 5/20/2009); *Trevino v. Hendren, et al.,* Civil No. 09-5064 (dismissed as frivolous on April 28, 2010).

In this case, there is no allegation that Trevino is currently under imminent danger of serious physical injury. *Cf. Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of

ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports).[1]  Therefore, Trevino is not eligible for IFP status.

This case is also subject to dismissal because it is frivolous.  Trevino's claims against United States Magistrate Judge Erin L. Setser are subject to dismissal.  First, § 1983 provides no right of action against federal officials.  A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.  *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999).  Federal officials do not act under color of state law.  *See e.g., Parker v. Boyer*, 93 F.3d 445, 448 (8th Cir. 1996)(§ 1983 redresses only injuries caused by exercise of some right or privilege created by state, by rule of conduct imposed by state, or by person for whom state is responsible).

Rather, a claim that a federal official has violated an individual's constitutional rights is considered a *Bivens* claim.  *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).  The Supreme Court held in *Bivens* that when "a federal agent acting under color of his authority" violates the Constitution, the agent's victim may recover damages against the agent.  *Bivens*, 91 S. Ct. at 2001.

Construing Trevino's claims against Magistrate Setser to be asserted under *Bivens,* the claims are nevertheless barred because Magistrate Setser is immune from suit.  It is clear the acts Trevino complains of were acts taken in connection with a case pending before Magistrate Setser.

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'"

---

[1] In *Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998), the Eighth Circuit held that "an otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger at the time of the filing.  Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(s) and authorize the prisoner to pay the filing fee on the installment plan." *Id.* at 717.

3

*Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)(*quoting Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978)); *Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985)(judicial officers absolutely immune from *Bivens*-type claim).  "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239 (*citing Stump*, 435 U.S. at 356, 98 S. Ct. 1099).

This immunity has been held to bar *Bivens* actions for declaratory or injunctive relief. *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000); *Mullis v. United States Bankruptcy Court for the Dist. of Nevada*, 828 F.2d 1385 (9th Cir. 1987).   Moreover, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted).  Equitable relief is not appropriate where an adequate remedy at law exists. *Pulliam v. Allen,* 466 U.S. 522, 542 & n. 22, 104 S. Ct. 1970, 1981 & n. 22, 80 L. Ed. 2d 565 (1984). *See also Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989).  An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted); *see also Switzer v. Coan*, 261 F.3d 985, 991 (10th Cir. 2001)(adequate remedy at law existed where requested relief could be obtained through "standard legal means [such] as post-judgment motion, appeal, mandamus, prohibition, and/or certiorari review of prior proceedings); *Bolin v. Story*, 225 F.3d 1234, 1243 n. 7 (11th Cir. 2000)(Noting that in the absence of judicial immunity the defendant judges would be entitled to dismissal because an adequate remedy at law existed through appellate review or an extraordinary writ).  Here, any of the acts Trevino complains of can be reviewed by United States District Judge Jimm Larry Hendren in connection with the adoption or rejection of the report and recommendation in Civil No. 09-5143 or on appeal.

Trevino's complaint as against Robert Beard is also subject to dismissal.  Private attorneys do not act under color of law for purposes of § 1983. *See e.g, Polk County v. Dodson*, 454 U.S. 312,

4

325, 102 S. Ct. 445, 70 L. Ed. 2nd 509 (1981); *Carlson v. Roetzel & Andress*, 552 F.3d 648 (8th Cir. 2008).

Similarly, the claim against Deputy Coggin is subject to dismissal. Plaintiff alleges Deputy Coggin submitted a fraudulent affidavit in connection with a summary judgment motion in Civil No. 09-5143. The affidavit at issue addressed the circumstances surrounding a traffic stop and subsequent incarceration of the Plaintiff. Plaintiff alleges this was done in conspiracy with the remaining Defendants. This conclusory statement is insufficient to state a claim under § 1983. *See e.g, Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988)(conspiracy claim requires allegations of specific facts showing a meeting of the minds among the alleged conspirators).

### 3. Conclusion

Accordingly, I recommend that Trevino's IFP application be denied pursuant to section 1915(g). Further, I recommend that this case be dismissed on the grounds that the claims are frivolous, fail to state claims, and seek relief against defendants who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii)(IFP action may be dismissed on such grounds at any time).

**Trevino has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Evans is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this __19th__ day of July 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE